```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**MOUNTAINEER MINERALS, LLC,**

    **Plaintiff,**

**v.**                                       **CIVIL ACTION NO. 1:16CV28**
                                                          **(Judge Keeley)**

**ANTERO RESOURCES CORPORATION,**

    **Defendant.**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

The Plaintiff, Mountaineer Minerals, LLC ("Mountaineer"), filed a timely motion seeking reconsideration of and relief from the Court's Memorandum Opinion and Order granting Defendant Antero Resources Corporation's ("Antero") supplemental motion for summary judgment and denying Mountaineer's supplemental motion for summary judgment ("Opinion and Order"). In the alternative, Mountaineer seeks a new trial. For the reasons that follow, the Court **DENIES** the relief sought by Mountaineer.

## I. BACKGROUND[1]

This matter concerns the rightful ownership of oil and gas leasehold rights, specifically, the rights to extract oil and gas from depths beginning just above the Marcellus Shale Formation (the "Marcellus Rights") beneath a specific parcel of land (Dkt. No. 82 at 3). Mountaineer and Antero both claim ownership of the Marcellus

---

[1] This background is limited to those facts relevant to the pending motion. A full recitation of the factual background of this case can be found in the Court's Memorandum Opinion and Order (Dkt. No. 99).

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.        1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

Rights. Id. At issue is whether both the shallow and the deep rights (including the Marcellus Rights) were assigned on August 30, 1996, in a document entitled "General Assignment and Bill of Sale" (hereinafter, the "Subject Assignment") (Dkt. No. 99 at 3). The parties also dispute whether the leasehold rights conveyed in the Subject Assignment pertained only to two wells described in the Subject Assignment (API well numbers 47-85-03583 and 47-85-02520) (the "Assigned Wells"), or if these rights extended to the entire parcel (Dkt. No. 90-1 at 1, Dkt. No. 82 at 6).

Mountaineer sued Antero in 2016 for declaratory relief and to quiet title (Dkt. No. 1-2). Following the conclusion of discovery, on August 10, 2017, the Court granted Mountaineer's motion for summary judgment and denied Antero's motion for summary judgment (Dkt. No. 76). On appeal, the Fourth Circuit vacated the judgment and remanded the matter to determine which rights in the Subject Assignment had been assigned on August 30, 1996 (Dkt. No. 82).

Following remand, on November 5, 2019, the Court granted Antero's supplemental motion for summary judgment and denied Mountaineer's supplemental motion for summary judgment (Dkt. No. 99). The Court concluded that Mountaineer could not prevail on its claims against Antero because (1) the Subject Assignment only pertained to the Assigned Wells and the narrow, related leasehold

2

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.      1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

interests in the Assigned Wells; and (2) the Assigned Wells, particularly API Number 47-85-03583, did not reach the Marcellus Shale Formation. Id. at 9-10.

Mountaineer seeks reconsideration of this decision or a new trial based on newly discovered evidence contained in two affidavits, procured after the Court entered judgment in Antero's favor, from P.D. Farr ("Farr") and Terry Lynn Snider ("Snider"), who executed the Subject Assignment on August 30, 1996 (Dkt. No. 102). These affidavits purport to clarify the parties' intent regarding the Subject Assignment. Id. Mountaineer also requests, in addition to considering the affidavits, that the Court reopen the record to consider the affiants' use of four wells on the parcel that were not explicitly conveyed in the Subject Assignment. Id. The motion is fully briefed and ripe for review.

## II. LEGAL STANDARDS

### A.   Rules 59(a),(b)

"A motion for a new trial must be filed no later than 28 days after entry of judgment." Fed. R. Civ. P. 59(b). Rule 59(a)(2) of the Federal Rules of Civil Procedure grants courts the discretion, "[a]fter a nonjury **trial** . . . to open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new

3

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.    1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

judgment." Fed. R. Civ. P. 59(a)(2) (emphasis added).

**B.   Rule 59(e)**

Rule 59(e) of the Federal Rules of Civil Procedure permits an aggrieved party to file a motion to alter or amend a judgment within twenty-eight days. Courts have recognized three grounds for amending an earlier judgment, including: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. American Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). A motion for reconsideration cannot, as a matter of law, be based on evidence that was available to the movant prior to an entry of judgment. Boryan v. U.S., 884 F.2d 767, 771 (4th Cir. 1989). Finally, a motion to reconsider is inappropriate where the moving party simply seeks to have the Court rethink what "the Court ha[s] already thought through – rightly or wrongly." Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

**C.   Rule 60(b)**

Rule 60(b) of the Federal Rules of Civil Procedure provides that a court may relieve a party from a final judgment for:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with

4

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.          1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

"'[A] motion to reconsider is not a license to reargue the merits or present new evidence' that was previously available to the movant." Krell v. Queen Anne's County, 2019 WL 6131076 at *1 (D. Md. Nov. 19, 2019) (quoting Royal Ins. Co. of Am. v. Miles & Stockbridge, P.C., 142 F. Supp. 2d 676, 677 n. 1 (D. Md. 2001) (additional citation omitted)).

### III. ANALYSIS

**A.   Mountaineer is not Entitled to Relief from Judgment.**

Mountaineer contends that the Court clearly erred in misconstruing the Subject Assignment and should amend its judgment to account for new evidence or to correct a clear error of law and prevent manifest injustice (Dkt. No. 102 at 4, 11). Relying on the Farr and Snider affidavits, Mountaineer argues that it has provided overwhelming evidence that the Subject Assignment granted all leasehold rights to the entire parcel. Id. at 17.

In response, Antero argues that Mountaineer is not entitled to relief because it has simply repeated arguments that the Court and

5

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.        1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

the Fourth Circuit previously rejected (Dkt. No. 105 at 6). Antero also asserts that the affidavits Mountaineer submitted do not constitute newly discovered evidence under Rule 59 because Mountaineer could have obtained these affidavits prior to the hearing on the parties' supplemental motions for summary judgment. Id.

In its reply, Mountaineer asserts that the Court inappropriately determined the well bore designated as API 47-85-03583 did not reach the Marcellus Rights because the Court relied on a limitation that was not included in the Subject Assignment (Dkt. No. 106 at 1). It further contends that it diligently obtained the Farr and Snider affidavits. Id. at 14. Finally, it urges the Court to reconsider its Opinion and Order in order to prevent "manifest injustice." Id. at 2.

    1.   **Newly Discovered Evidence.**

The Court considers first whether the Farr and Snider affidavits are newly discovered evidence. The Fourth Circuit has addressed the standard imposed when evaluating a Rule 59 motion on the ground of newly discovered evidence:

> The standard for granting a Rule 59 motion based on newly discovered evidence is high. The moving party must show: (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the

6

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.      1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

> evidence is material; and (5) the evidence is such that it is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

Boryan, 884 F.2d 767, 771 (4th Cir. 1989) (citing Fed. R. Civ. P. 60).[2]

> To support a motion for reconsideration, the movant is obliged to show not only that this evidence was newly discovered or unknown to it until after the hearing, but also that it could not with reasonable diligence have discovered and produced such evidence at the hearing. . . . Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law.

Id., 884 F.2d at 771 (quotations and citations omitted).

It is undisputed that the Farr and Snider affidavits were executed after entry of the Court's November 5, 2019 Order. Additionally, the content of these affidavits is not "merely cumulative or impeaching." The affidavits, however, do not meet the remaining factors Mountaineer is obligated to show in order to obtain relief based on newly discovered evidence.

Mountaineer cannot establish that it exercised due diligence in discovering this new evidence. It provided no persuasive justification as to why these witnesses, who were listed on

---

[2] In the Fourth Circuit, the standard governing relief on the basis of newly discovered evidence is the same whether the motion is brought under rule 59 or rule 60. United States Fidelity & Guaranty Co. v. Lawrenson, 334 F.2d 464, 475 n.2 (4th Cir. 1964).

7

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.        1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

Antero's initial disclosures, were not contacted or deposed long before the parties submitted their first round of summary judgment briefs. Indeed, Mountaineer was able to locate these witnesses and obtain affidavits within twenty-eight days following entry of the Court's Opinion and Order. "Evidence that is available to a party prior to entry of judgment, therefore, is not a basis for granting a motion for reconsideration as a matter of law." Quillin v. C.B. Fleet Holding Co., 328 F. App'x 195, 203 (4th Cir. 2009) (quoting Boryan, 884 F.2d at 771).

Furthermore, even if considered, these affidavits are neither material nor the basis for a new outcome because the Court construed the Subject Assignment in accordance with its plain and unambiguous terms. Therefore, the affidavits do not justify relief from judgment based on newly discovered evidence.

    **2.   To Correct a Clear Error of Law or To Prevent Manifest Injustice.**

A Rule 59(e) motion "is not intended to allow for reargument of the very issues that the court has previously decided." DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd, 985 F.2d 553 (4th Cir. 1993) (unpublished). A court may not alter the clear meaning and intent of the parties as expressed in unambiguous language in their written contract. Syl. Pt. 7, Faith United Methodist Church v. Morgan, 231 W. Va. 423, 745 S.E.2d 461 (2013);

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.      1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

Syl. Pt. 3, Cotiga Development Company v. United Fuel Gas Company, 147 W. Va. 484, 128 S.E.2d 626 (1962). A contract is not considered ambiguous simply because the parties do not agree on its construction. Syl. Pt. 2, CONSOL Energy, Inc. v. Hummel, 792 S.E.2d 613 (2016) (citations omitted). "[W]hether a contract is ambiguous is a question of law to be determined by the court." Id.

As Mountaineer urges in so many words, West Virginia courts once did consider "the situation of the parties, the subject matter of the deed, the purpose sought to be accomplished thereby, and the acts of the parties thereunder" to resolve ambiguities in oil and gas leases. Syl., Ramage v. South Penn Oil Co., 94 W. Va. 81, 118 S.E. 162 (1923) (overruled by Faith United, 231 W. Va. 423, 745 S.E.2d 461). But this is no longer the rule. Indeed, as the Supreme Court of Appeals of West Virginia recently held in Faith United, 231 W. Va. at 436-37, 745 S.E.2d at 474-75:[3]

> [R]equiring a court to turn back the clock and go beyond the document to discern the parties' intent from parol and other extrinsic evidence violates the fundamental policy of confining the Court's inquiry to the four corners of the document. . . . "[T]here is often a great lag time between the time of the grant and the time of the controversy. As the time lapse increases, attempts to determine the intent of the parties [at the time of the conveyance] becomes more difficult. Even the parties themselves could become confused as to the intent of a

---

[3] Quoting Myles E. Flint, Meaning of Conveyances of the "Surface" Only, 34 Rocky Mtn. L. Rev. 330, 335 (1961).

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.        1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

grant which had been made twenty-five or thirty years earlier."

Mountaineer asks the Court to reopen the and consider the new affidavits, the conduct of the well operators, and the Subject Assignment's silence about the wells' depth. But reopening the record to allow evidence regarding the intent of two individuals who executed the Subject Assignment more than twenty years ago invites a look beyond the unambiguous terms of the Subject Assignment. Therefore, the Court will not look back under such circumstances, and concludes that no legal error occurred, nor will manifest injustice result if the Court's findings stand.

**3.   Relief from Judgment.**

Mountaineer also seeks relief from final judgment under Rule 60(b) because of newly discovered evidence or "any other reason that justifies relief" (Dkt. No. 102 at 5). "In all cases, a Rule 60(b) movant must act in a timely fashion, must demonstrate a lack of prejudice to the non-movant, and must proffer a meritorious defense." Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988).

A motion for reconsideration of legal issues already addressed in an earlier ruling is not authorized by Rule 60(b). CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 401 (4th Cir. 1995). The "any other reason that justifies relief" factor

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.        1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

"requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." Aikens v. Ingram, 652 F.3d 496, 500 (4th Cir. 2011) (citations omitted).

Other than having filed its motion soon after judgment, Mountaineer cannot demonstrate any of the other required elements for consideration under Rule 60(b). First, Rule 60(b) does not authorize relief from a court's conclusions of law. Second, relieving Mountaineer from judgment under Rule 60(b) would prejudice Antero, which obtained a favorable ruling from both the Fourth Circuit and the Court. Moreover, lacking a solid basis in law or fact, Mountaineer's argument cannot be considered meritorious. Finally, no "extraordinary circumstances" exist that could provide a basis for relief because the predicament Mountaineer finds itself in is based on the unambiguous language of the Subject Assignment and Mountaineer's failure to timely gather evidence in support of its case.

**B.   Mountaineer is Not Entitled to a New Trial.**

Mountaineer argues in the alternative that the Court should grant it a new trial under Fed. R. Civ. P. 59(b) based on newly discovered evidence (Dkt. No. 102 at 5-6). Mountaineer asserts it

11

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.        1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

was never afforded the opportunity to address "the rudiments" of the Subject Assignment in either its argument to the Fourth Circuit or through discovery. Id. at 19. It bases these assertions on the Farr and Snider affidavits, positing that "additional discovery would unequivocally lead to the conclusion that all of the leasehold rights were assigned to Ritchie in the Subject Assignment." Id.

In advancing this argument, Mountaineer overlooks the basic legal principle that a motion for a new trial under Rule 59 is only appropriate after a bench or jury trial. Gensler et al., 2 Federal Rules of Civil Procedure, Rules and Commentary Rule 59 (Feb. 2020 update). "If a judgment has been entered absent a trial—e.g., dismissal with prejudice or summary judgment—a party must bring a motion to alter or amend the judgment under Rule 59(e)." Id.; see also Merrill v. Cty. of Madera, 389 Fed. Appx. 613, 615 (9th Cir. 2010) ("[A] Rule 59[ ] motion for new trial is not available on claims or causes of action for which Plaintiffs never received a trial"); Bollschweiler v. El Paso Elec. Co., 2016 WL 6084166, *1 (W.D. Tex. 2016) (declining to apply Rule 59(a) and analyzing motion for new trial following summary judgment under Rule 59(e)); Flynn v. Terrebonne Parish School Bd., 348 F. Supp. 2d 769, 770 (E.D. La. 2004) (finding that a motion for new trial was not an

12

**MOUNTAINEER MINERALS, LLC v. ANTERO RESOURCES CO.    1:16CV28**

**MEMORANDUM OPINION AND ORDER DENYING
MOUNTAINEER MINERALS, LLC'S MOTION TO ALTER OR AMEND
JUDGMENT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL [DKT. NO. 101]**

appropriate vehicle to challenge the court's grant of summary judgment). Because the Court granted summary judgment in Antero's favor prior to trial, Rules 59(a) and 59(b) are inapplicable.

## IV. CONCLUSION

The Court **DENIES** Mountaineer Minerals, LLC's motion to alter or amend judgment or, in the alternative, for a new trial (Dkt. No. 101), **DISMISSES** this civil action **WITH PREJUDICE,** and **DIRECTS** that it be stricken from the Court's active docket.

It is so **ORDERED.**

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to counsel of record.

DATED: September 4, 2020

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE